UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| URBCAMCOM/WSU I, LLC, <br> a Michigan limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> LEXINGTON INSURANCE COMPANY, <br> a foreign insurance corp. <br><br> Defendant. | Case No: 2:12-cv-15686-GCS-MAR |

_____

| | |
|---|---|
| MICHAEL H. FABIAN (P29024) <br> FABIAN, SKLAR & KING, P.C. <br> *Attorneys for Plaintiffs* <br> 33450 W. Twelve Mile Rd. <br> Farmington Hills, MI 48331 <br> (248) 553-2000 <br> mfabian@fablansklar.com | Peter E. Kanaris <br> Cheryl L. Mondi <br> FISHER KANARIS, P.C. <br> *Attorneys for Defendant* <br> 200 South Wacker Drive, 22nd Floor <br> Chicago, IL  60606 <br> (312) 474-1400 <br> pkanaris@fisherkanaris.com <br> cmondi@fisherkanaris.com <br><br> Daniel J. Seymour <br> NAGI, BAXTER & SEYMOUR, P.C. <br> *Attorneys for Defendant* <br> 155 West Congress, Suite 300 <br> Detroit, MI 48226 <br> (313) 964-2040 <br> dseymour@nbslawyer.com |

**<u>LEXINGTON INSURANCE COMPANY'S RULE 72(a) OBJECTIONS</u>**
**<u>TO MAGISTRATE JUDGE MARK A. RANDON'S ORDER</u>**

Defendant, Lexington Insurance Company ("Lexington"), by and through its attorneys, Fisher Kanaris, P.C. and Nagi, Baxter & Seymour, P.C., and pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, respectfully requests that this Honorable Court to review and

reconsider the Order entered by Magistrate Judge Mark A. Randon on August 13, 2013 granting Plaintiff's motion to compel reserve information.

### PREFATORY STATEMENT

Plaintiff filed a declaratory judgment action against Lexington seeking a declaration that all disputes concerning the amount of the loss shall be submitted to an appraisal panel. Thus, Plaintiff specifically alleged that the Court should only determine issues related to coverage afforded under a first-party property insurance policy and should not determine money damages. Plaintiff seeks a declaration from the Court as to whether the period of restoration is the theoretical time to repair or replace damage to covered property caused by a covered cause of loss as set forth by the policy or whether it includes other activities as Plaintiff contends. Once the Court resolves the coverage issue, Plaintiff prays that the Court order the parties to submit all disputes concerning the amount of the loss to an appraisal panel.

After Lexington properly responded to Plaintiff's requests for production of documents, Plaintiff filed a motion to compel reserve information. Reserve information is proprietary, confidential and irrelevant information that does not relate to the value of an insured's claim. Rather, reserves are sums set aside as required by Michigan law to ensure that an insurer can properly investigate and, if it is valid, indemnify the claim. Therefore, Lexington redacted the reserve information from the documents produced to Plaintiff.

On August 13, 2013, Magistrate Judge Randon entered an Order (Document #23) requiring Lexington to produce reserve information as follows:

> Once a protective order is filed, Defendant must provide Plaintiff an unredacted copy of: (1) the Executive Claim Summary (the "Reinsurance" sections shall remain redacted) (Dkt. No. 22, Ex. 3); (2) the Estimate of Loss (Dkt. No. 22, Ex. 4); and, (3) emails from April and May of 2012 (Dkt. No. 22, Ex. 5).

Judge Randon's Order is contrary to established law as reserve information will never be relevant to determining whether the period of restoration includes only the theoretical time to repair or replace the damage to covered property caused by a covered cause of loss. Therefore, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Hartford makes the following objection to Judge Randon's Order:

1. Reserve information is not relevant to the determination of whether the period of restoration includes only the theoretical time to repair or replace damage to covered property caused by a covered cause of loss as set forth by the policy.

Judge Randon's Order was both clearly erroneous and contrary to law, and should be overturned.

## STANDARD UNDER RULE 72(a)

Rule 72(a) provides in pertinent part: "decisions of the magistrate judge may be appealed to the district court for review on a standard of clear error contrary to law." Fed. R. Civ. P. 72(a). "The district judge to whom the case was assigned shall consider such objections and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

## OBJECTIONS

**I. RESERVE INFORMATION IS NOT RELEVANT TO THE DETERMINATION OF WHETHER THE PERIOD OF RESTORATION INCLUDES ONLY THE THEORETICAL TIME TO REPAIR OR REPLACE DAMAGE TO COVERED PROPERTY CAUSED BY A COVERED CAUSE OF LOSS AS SET FORTH BY THE POLICY.**

"Reserves" are sums set aside by an insurer when a claim is made to ensure that the claim can be properly investigated and, if it is valid, the insurer will be able to indemnify the policyholder under the insurance contract. *See e.g. Leski, Inc. v. Federal Ins Co*, 129 FRD 99, 106 (D.N.J. 1989). Similarly, a "reserve" **does not** entail an evaluation of coverage based upon a

thorough factual and legal claim analysis. *Leski,* 129 FRD at 106. For this reason, the vast majority of jurisdictions have ruled that reserve information is not discoverable and the proper procedure, as Lexington did here, is to redact the reserve information from documents produced. *See e.g. In re: American Home Assur Co,* 88 SW3d 370, 377 (Tex. Ct. App. 2002)*; Schierenberg v Howell-Baldwin*, 571 NE2d 335, 337-38 (Ind Ct App 1991); *Leski*, 129 FRD at 106; *Rhone-Poulenc Rorer, Inc. Home Indem Co,* 139 FRD 609, 613-14 (ED Penn 1991); *Independent Petrochemical Corp v Aetna Cas & Sur Co,* 117 FRD 283, 288 (DDC 1986); *Clark Equipment Co v Liberty Mut Ins Co,* 1995 DelSuper Lexis 632, * 4-5 (Del Super Ct 1995). Courts have elaborated on the rationale for this approach to reserve information:

> [S]uch estimates of potential liability do not normally entail an evaluation of coverage based upon a thorough factual and legal consideration when routinely made as a claim analysis....The purposes of discovery -- expedition of litigation by narrowing the area of controversy or by avoiding unnecessary testimony or by proving a lead to evidence -- **will not be served by allowing discovery of reserves**.

*Leski,* 129 FRD at 106 (emphasis added).    In this case and as the court in *Leski* noted, reserve information is purely precautionary and is not set by the persons involved in making the determinations of coverage. For example, as with almost every state, Michigan law requires any property insurer transacting business in the state to maintain loss reserves. See MCLA § 500.1231. These state law requirements make reserve information even less probative of the insurer's analysis of coverage.

Numerous courts throughout the country have made clear that the amount established as reserves does not demonstrate that the insurers expected such claims to be covered by the policy, and reserves have absolutely no bearing on determination of coverage under the policy. See *Fidelity & Deposit Co. of Maryland v. McCulloch*, 168 FRD 516, 525 (ED Pa 1996) (finding "requests for production of reserve information are not reasonably calculated to lead to the

- 4 -

discovery of admissible evidence concerning insurance policy interpretation," and emphasizing "the tenuous link between reserves and actual liability given that numerous considerations factor into complying with this statutory directive."); *Federal Realty Inc v Trust v Pacific Ins Co*, 760 F. Supp 533, 540 (D Md 1991)(holding that "reserve decisions are mere guesses at the outcome of litigation based upon conservative accounting principles."); *Leski, Inc v Federal Ins Co,* 129 FRD 99, 106 (D NJ 1989) (concluding "the reserve information is only tenuously relevant to whether insurance coverage exists in this matter and this information is not discoverable at this time"); *Safeguard Lighting Systems, Inc* v *N Am Specialty Ins. Co*, 2004 WL 3037947 *3 (ED Pa 2004)(denying motion to compel production of reserves because "there is a 'tenuous' link between reserves and actual liability given that numerous considerations factor into the calculation of reserves in accordance with statutory requirements."); *Indep Petrochemical Corp v Aetna Cas & Sur Co, 117 FRD. 283, 288* (DDC 1986) (denying motion to compel reserve information because court deemed information sought to be "of very tenuous relevance, if any relevance at all.").

In *Heights at Issaquah Ridge Owners Assoc v Steadfast Ins Co*, 2007 WL 4110260 *1 (WD Wash 2007), plaintiff moved to compel the production of reserve information. The court reiterated a previous ruling that loss reserves are not relevant to a bad faith claim, and therefore, are not discoverable. *Id; citing Amazon.com, Inc v Atlantic Mut Ins Co*, C05-719 RSM Dkt #264. The court stated that "the setting of reserve amounts may be an accounting decision made by claims personnel with no knowledge of the particulars of the insured's actual policies." *Heights*, 2007 WL 4100260 at *3. As such, "a reserve cannot accurately or fairly be equated with an admission of liability or the value of any particular claim." 2007 WL 4100260 *3.

Given the aforementioned authorities, reserves are only **estimated amounts** that do not take into consideration a full evaluation of coverage, and have no bearing on policy interpretation. Instead, reserves can include amounts for consultant fees, legal expenses and other administrative costs that have nothing to do with indemnity dollars under the policy at issue – all of which are wholly irrelevant to the issue of Plaintiff's Complaint.

Inasmuch as Plaintiff filed a declaratory judgment action seeking a declaration that the dispute regarding the amount of the loss be submitted to appraisal, not the Court, money damages are not at issue in this lawsuit. Rather, the Court will only resolve the issue of whether the period of restoration includes only the theoretical time to repair or replace the damage to covered property caused by a covered cause of loss as set forth in the policy. Accordingly, Plaintiff's motion to compel reserve information should have been denied.

## CONCLUSION

WHEREFORE, Defendant, Lexington Insurance Company, respectfully requests that this Honorable Court overturn Magistrate Judge Mark A. Randon's August 13, 2013 Order requiring Lexington Insurance Company to produce reserve information and for any other relief this Court deems just and appropriate.

                                                  LEXINGTON INSURANCE COMPANY

                                                  /s/ Cheryl L. Mondi

Peter E. Kanaris, Esq.
Cheryl L. Mondi, Esq.
FISHER KANARIS, P.C.
200 S. Wacker Drive
22nd Floor
Chicago, IL 60606
(312) 474-1400
pkanaris@fisherkanaris.com
cmondi@fisherkanaris.com

                                                Daniel J. Seymour
                                                NAGI, BAXTER & SEYMOUR, P.C.
                                                155 West Congress, Suite 300
                                                Detroit, MI 48226
                                                (313) 964-2040
                                                dseymour@nbslawyer.com

E:\12-1195\Pleadings\Rule 72(a) Objections.doc

## **CERTIFICATE OF SERVICE**

     I, Cheryl L. Mondi, an attorney, hereby certify that on August 27, 2013, a copy of the foregoing pleading, **LEXINGTON INSURANCE COMPANY'S RULE 72(a) OBJECTIONS TO MAGISTRATE JUDGE MARK A. RANDON'S ORDER**, was filed electronically. Notice of this filing will be sent to all counsel registered with the Court by operation of the Court's electronic filing system.

                                                      /s/Cheryl L. Mondi