UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

URBCAM/WSU I, LLC,

    Plaintiff,

vs.

Case No. 12-CV-15686
HON. GEORGE CARAM STEEH

LEXINGTON INSURANCE CO.,

    Defendant.
_____/

**ORDER AFFIRMING MAGISTRATE JUDGE RANDON'S ORDER (Doc. 23)
AND OVERRULING DEFENDANT'S OBJECTIONS (Doc. 26)**

    This breach of contract action, based on diversity jurisdiction, arises out of water damage to an apartment building in the City of Detroit which was insured by defendant Lexington Insurance Company ("Lexington"). Plaintiff UrbCamCom/WSU I, LLC ("UCC") filed a motion to compel certain discovery which Magistrate Judge Randon granted. Lexington timely filed objections to that order, solely to appeal that portion of the order compelling Lexington to produce documents containing reserve information, arguing that the evidence sought is irrelevant, and thus not discoverable. For the reasons stated below, this court shall affirm Magistrate Judge Randon's order.

A.    <u>The lawsuit</u>

    On March 14, 2012, UCC submitted to Lexington a proof of loss for damages to its apartment building in the amount of approximately $5.6 million. Lexington made a partial payment, disputing the total amount sought, and pursuant to the policy and Michigan law, the parties submitted their disagreement to an Appraisal. A partial

appraisal award was entered providing for replacement cost value of repairs in the amount of $5.27 million, and as a result, Lexington paid UCC an additional $3.2 million. In addition, because the apartment complex was untenantable, Lexington made payments exceeding $900,000 for business income loss and extra expenses. UCC claimed additional amounts were owing for business income loss and extra expenses which Lexington denied. UCC sought to submit the dispute to an Appraisal but Lexington claimed that the disagreement was a coverage issue, which could not be resolved through the Appraisal process. UCC then filed this lawsuit seeking a declaratory judgment as to the coverage issue and a breach of contract claim which seeks to recover the amount of the appraisal award, penalty interest and consequential damages including attorney fees.

B.  The discovery dispute

On February 1, 2013, UCC sent Lexington requests for production of documents. (Doc. 18 at 3). Lexington responded by producing certain documents along with a four page "redaction log" indicating that it was redacting and withholding 22 documents on the grounds that the information was "proprietary, confidential and irrelevant (reinsurance or reserve) information." Id. at 6-7.[1] UCC filed a motion to compel production of the redacted documents which Magistrate Judge Randon granted by written order (Doc. 23) and compelled Lexington to provide UCC with unredacted copies of (1) the executive claim summary to which the information on "damage/injury assessment" had been blacked out (Doc. 22, Ex. 3), (2) the estimate of loss (Doc. 22,

---

[1]Magistrate Judge Randon did not compel production of reinsurance information and that matter is not presently before the court.

Ex. 4), and (3) e-mails from April and May, 2012 (Doc. 22, Ex. 5).  UCC contends that the executive claim summary and estimate of loss which Magistrate Judge Randon ordered Lexington to produce, does not merely set forth a reserve amount but sets forth Lexington's evaluation of the claim and valuation of the loss.  Lexington objects to the order granting UCC's motion to compel on the grounds that "reserve" information is irrelevant.  Lexington contends that the only issue before the court is whether coverage exists for business loss beyond the period of restoration, and how the period of restoration should be calculated.[2]  As the redacted information relates to damages, Lexington alleges the information is irrelevant.  UCC, on the other hand, argues that the amount of the claim is relevant to its first-party suit for benefits from Lexington, and as to its claim for declaratory judgment action.  At oral argument before Magistrate Judge Randon, UCC argued that information as to how Lexington made internal value calculations is highly relevant to the issue of calculating losses.  (Doc. 29 at 10).

C.    Standard of Law

A district court shall consider objections to a magistrate judge's non-dispositive orders, and shall modify or set aside any portion of the orders found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made.  Heights Comm. Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985), cert. denied, 485 U.S. 1019 (1986).  The

---

[2]UCC argues that Lexington did not preserve this issue by raising it before Magistrate Judge Randon but this court's review of oral argument before Judge Randon reveals that Lexington did preserve this claim.

scope of discovery lies in the broad discretion of the district court. Lewis v. ACB Business Services, Inc., 135 F.3d 389, 402 (6th Cir. 1998). An abuse of discretion exists if a decision is based on an erroneous conclusion of law, the findings are clearly erroneous, or the decision is clearly unreasonable or arbitrary. Youn v. Track, Inc., 324 F.3d 409, 420 (6th Cir. 2003). A magistrate judge's determinations are, thus, afforded considerable deference, and will only be reversed when the reviewing court is "left with a definite and firm conviction that a mistake has been committed." In re Search Warrants Issued Aug. 29, 1994, 889 F. Supp. 296, 298 (S.D.Ohio 1995).

D.      Analysis

A federal court sitting in diversity applies federal procedural law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). If an issue is covered by the Federal Rules of Civil Procedure, a federal court sitting in diversity must apply the federal rule. Hanna v. Plumer, 380 U.S. 460, 471 (1965). Because the production of documents is covered by Federal Rule of Civil Procedure 34, and the issue of relevance is determined by Federal Rule of Civil Procedure 26, this court will apply federal law in reaching its decision here. Rule 26 provides for broad discovery such that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . [so long as] the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

"Reserves" are sums set aside by an insurer when a claim is made to ensure that the claim can be properly investigated, and if valid, the insurer will be able to indemnify the policy holder under the insurance contract. Leski, Inc. v. Federal Ins. Co., 129 F.R.D. 99, 106 (D.N.J. 1989). Both sides have cited extensively to case law from

federal district courts across the country and also to state court decisions on the subject of whether reserve information is discoverable. Given the breadth of federal authority on the issue, the court has not deemed it necessary to consider state court decisions. Numerous federal district courts have ruled that reserve information is discoverable on the issue of coverage and insurer's position on liability.[3] District judges sitting within the Sixth Circuit have found that insurance reserve information is discoverable.[4] Lexington relies on several cases to the contrary. Some of the cases Lexington relies upon, wherein courts held that insurers need not produce reserve information, involved holdings where the information sought was subject to attorney-client privilege or the work product doctrine. See Independent Petrochemical Corp. v. Aetna Casualty & Surety Co., 117 F.R.D. 283, 288 (D.D.C. 1986) (reserve information based on legal input and may be protected by attorney-client privilege or work product doctrine); Rhone-Poulenc Rover Inc. v. Home Indemnity Co., 139 F.R.D. 609, 613-14 (E.D. Pa. 1991) (reserves constituted work product material). In this case, Lexington does not assert that the documents at issue are protected by the attorney-client privilege or the work product doctrine, but objects solely on the basis of relevancy. Another case Lexington relied upon held that reserves were not admissible at *trial* and did not discuss relevancy with respect to discovery. Federal Realty Inv. Trust v. Pacific Life Ins., 760 F.

---

[3]See, e.g., Woodruff v. Am. Family Mut., __ F.R.D. __, No. 1:12-CV-00859, 2013 WL 1729403, at *12 (S.D. Ind. Apr. 22, 2013); Madison v. Nationwide Mut. Ins. Co., No.1:11-CV-157-R, 2012 WL 4592135, at *4 (W.D. Ky. Oct. 1, 2012).

[4]See, e.g., First Tenn. Bank Nat'l Ass'n v. Republic Mort. Ins. Co., 276 F.R.D. 215, 222 (W.D. Tenn. 2011); Retail Ventures, Inc. v. National Union Fire Ins. Co., No. 2:06-CV-443, 2007 WL 3376831, at *5 (S.D. Ohio Nov. 8, 2007).

Supp. 533, 540 (D. Md. 1991). While it is true that Lexington has cited a number of cases holding that reserve information is too tenuously connected to liability to be discoverable, see e.g. Fidelity & Deposit Co. of Maryland v. McColloch, 168 F.R.D. 516, 525 (E.D. Pa. 1996); Leski, 129 F.R.D. at 106; Safeguard Lighting Sys. v. North Amer. Spec. Ins. Co., No. Civ. A 03-4145, 2004 WL 3037947, *3 (E.D. Pa. Dec. 30, 2004), Magistrate Judge Randon was not bound by those decisions, not only because the decisions are not binding precedent, but because a plethora of decisions, as cited by UCC, have been decided to the contrary. UCC seeks not only information as to the reserve amount, but all damage and claim evaluation information. Reserve information may reveal Lexington's views about the merits and value of UCC's claim which are critical to the issue not only of first-party benefits but the coverage issue that is the subject of the declaratory judgment suit as well.

Where the federal district courts are divided on the issue of whether reserve information is relevant to an insurance coverage dispute and thus, must be produced during discovery, Magistrate Judge Randon did not err in siding with those courts holding in favor of production. Under Federal Rule of Civil Procedure 26, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The court's ruling here that reserve information is discoverable is not a ruling that the information is admissible at trial, which requires analysis under Federal Rule of Evidence 403. Given the breadth of Rule 26 and the body of case law supporting the discovery of reserve information, this court finds that Magistrate Judge Randon's discovery order was reasonable and was not clearly erroneous or contrary to law.

For the reasons stated above, Lexington's objections (Doc. 26) hereby are OVERRULED and Magistrate Judge Randon's Order Granting Plaintiff's Motion to Compel (Doc. 23) hereby is AFFIRMED.  Lexington shall produce the documents identified in Paragraph three of Magistrate Judge Randon's order (Doc. 23) on or before October 28, 2013.  UCC's request for sanctions hereby is DENIED.

**IT IS SO ORDERED.**

Dated:  October 17, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 17, 2013, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk