UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

URBCAMCOM/WSU I, LLC,

      Plaintiff,

                                Case No. 12-CV-15686
vs.                              HON. GEORGE CARAM STEEH

LEXINGTON INSURANCE CO.,

      Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (Doc. 83)

Defendant filed a motion to appoint a disinterested and impartial umpire. By written order, this court denied the motion ruling that the original umpire who presided over the building loss claim should preside over the business interruption loss claim as well. Now before the court is plaintiff's motion for sanctions for the defendant's filing of the motion for a new umpire. Plaintiff relies upon Rule 11, 28 U.S.C. § 1927, and the court's inherent powers and seeks attorney fees in the amount of $41,175, the amount claimed to have incurred in responding to defendant's motion and in preparing the motion now before the court.

Rule 11 sanctions may be imposed when the court determines that the requirements of Rule 11(b) have been violated. Rule 11(b) provides:

**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). In order to bring a motion for Rule 11 sanctions, a moving party must comply with the Rule's safe harbor provisions which requires a movant to serve the motion on the opposing party and to give that party twenty-one days to correct its improper action before filing the motion with the court. *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997). In this case, plaintiff complied with the notice requirements of Rule 11(c)(2) and served defendant with a copy of its motion for sanctions on June 6, 2014.

"[T]he test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances." *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002). The fact that defendant was ultimately unsuccessful in its motion to disqualify the original umpire does not mean its motion was frivolous, or even that it was objectively unreasonable. The parties had a legitimate legal and factual dispute as to whether they had agreed to use the umpire who presided over the first appraisal hearing over the building loss claim to preside over the business interruption loss claim as well. In addition, there was a factual dispute over whether the original

-2-

umpire was biased or incompetent.  Plaintiff contends that defendant lacked any factual

support for its claims that the umpire drove to the appraisal with plaintiff's appraiser and

engaged in ex parte communications with him, but defendant did submit the affidavit of

its appraiser stating that he overheard discussions that the two intended to drive

together to the appraisal.  The vague testimony of defendant's appraiser that he

overheard certain "discussions" was insufficient to rebut the affidavit of the umpire

himself which stated unequivocally that he did not drive to the appraisal with plaintiff's

appraiser.  While ultimately unconvincing, the affidavit of defendant's appraiser did offer

some factual support, albeit weak, for defendant's claim that the umpire was biased.

Defendant also relied on the fact that the umpire did not itemize the building loss award

as evidence that he was biased or incompetent.  Although the court rejected the

argument, it was not wholly without basis.  For these reasons, the court declines to

award Rule 11 sanctions.

Although district courts also have the power to impose sanctions under 28

U.S.C. § 1927 as well as inherent powers to do so, such sanctions are not warranted

here either.  Section 1927 provides that "[a]ny attorney . . . who so multiplies the

proceedings in any case unreasonably and vexatiously may be required by the court to

satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred

because of such conduct."  The standard under § 1927 is objective and an attorney may

be sanctioned for "less than subjective bad faith, but something more than negligence

or incompetence."  *Rentz v. Dynasty Apparel Indus., Inc.* 556 F.3d 389, 396 (6th Cir.

2009) (internal quotation marks and citations omitted).  Sanctions under Rule 11 and §

1927 are discretionary.  Fed. R. Civ. P. 11(c)(1)*; Jones v. Continental Corp.*, 789 F.2d

1225, 1229 (6th Cir. 1986) (§ 1927).  Although the legal and factual support for defendant's motion for appointment of a new umpire was weak, it was not without some merit, and the court does not find that the motion was so objectively unreasonable as to justify the imposition of sanctions.  In the exercise of its broad discretion, the court shall decline to impose sanctions here.

In addition to Rule 11 and § 1927 sanctions, the district court also has inherent powers to "assess attorney's fees when a part has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (internal quotation marks and citations omitted).  Having carefully considered this matter, the court does not find that defense counsel's conduct meets the stringent criteria necessary to award sanctions based on the court's inherent powers.

For the reasons stated above, plaintiff's motion for sanctions (Doc. 83) is DENIED.

**IT IS SO ORDERED.**

Dated:  November 20, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

| CERTIFICATE OF SERVICE |
| --- |
| Copies of this Order were served upon attorneys of record on November 20, 2014, by electronic and/or ordinary mail. |
| s/Marcia Beauchemin<br>Deputy Clerk |

-4-