UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

URBCAMCOM/WSU I, LLC,

       Plaintiff,

                                  Case No. 12-CV-15686
vs.                              HON. GEORGE CARAM STEEH

LEXINGTON INSURANCE CO.,

       Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR SUMMARY JUDGMENT (Doc. 90)

       This breach of contract dispute arose out of defendant Lexington Insurance

Company's ("Lexington's") refusal to pay business income losses incurred when an

apartment building owned by plaintiff UrbCamCom/WSU I, LLC ("Union") sustained

severe water damage when a sprinkler system ruptured rendering the student housing

uninhabitable.  By prior written order, the court granted plaintiff's motion for partial

summary judgment and ordered that the issue as to the amount of business income

losses and related extra expense losses be submitted to appraisal, and ordered that

"Union is entitled to 12% penalty interest on any amount subsequently due, if any, as

determined by the Appraisal Panel."  (Doc. 71 at 18).  The matter has since been

submitted to appraisal and the Appraisal Panel awarded Union $730,000 on October

15, 2014.  Lexington timely paid the $730,000 owing on November 13, 2014, but failed

to pay any penalty interest.  Union subsequently filed its motion for summary judgment

seeking an order compelling Lexington to pay penalty interest beginning 60-days after

-1-

Lexington stopped paying business income loss as of September 30, 2012.

Specifically, Union seeks a total award of $171,360 calculated based on 12 percent

interest accrued beginning on November 29, 2012, and ending on November 13, 2014

when Lexington paid the appraisal amount.

Lexington responds that it owes no penalty interest because Union allegedly

failed to submit satisfactory proof of loss, or in the alternative, Union is only entitled to

penalty interest beginning on August 22, 2014, when Union submitted its claim to the

Appraisal Panel.  For the reasons set forth below, Lexington's response lacks merit, and

Union's motion for summary judgment for the entry of penalty interest shall be granted.

Penalty interest shall be awarded here as provided under Mich. Comp. Laws §

500.2006(4) which provides:

> (4) If benefits are not paid on a timely basis the benefits paid shall bear simple
> interest from a date 60 days after satisfactory proof of loss was received by the
> insurer at the rate of 12% per annum, if the claimant is the insured . . .  directly
> entitled to benefits under the insured's contract of insurance.

Mich. Comp. Laws § 500.2006(4).  While the statute itself does not require that the

insured submit a sworn statement to satisfy the proof of loss prerequisite, in this case,

Union did submit such a sworn statement in support of its business income loss claim.

On June 21, 2012, the public adjuster for Union sent Lexington a partial sworn

statement in proof of loss setting forth the business income loss claim through May 31,

2012 totaling $662,727.  (Doc. 94, Ex. G)  In addition, on September 13, 2012,

Lexington received from Union its partial loss of income claim in the amount of

$829,909 which covered the period through July 31, 2012, and which was supported by

income statements and general ledgers submitted by the Union's certified public

accountant.  *Id.* at Ex. I.  The record also shows that the parties' adjustors and certified

public accountants exchanged information while attempting to reach an agreement on

the amount of the business income loss claim, and the information submitted by Union

was sufficient for Lexington to calculate the amount claimed by Union and to identify

with specificity their disagreement over the amount owed.  *Id.* at Ex. J, K.

There is no dispute that Lexington paid Union's loss of business income and

other time element payments owed under the policy until September 30, 2012.  Union

had submitted satisfactory proof of such loss prior to that time.  Lexington has failed to

show that the court's prior order awarding prejudgment penalty interest should be set

aside.  Accordingly, pursuant to Mich. Comp. Laws § 500.2006(4), penalty interest is

owing beginning on November 29, 2012, and Union is entitled to the full $171,360

sought.  For the reasons stated above,

IT IS ORDERED that plaintiff's motion for summary judgment (Doc. 90) is

GRANTED and defendant is ORDERED to pay plaintiff penalty interest in the amount of

$171,360.  This case had been administratively closed pending a decision by the

Appraisal Panel and the court retained jurisdiction to consider motions to vacate, set

aside, or enforce any appraisal award.  The Appraisal Panel issued its opinion on

October 15, 2014, and neither side has sought to vacate, set aside or enforce that

award.  Accordingly, final judgment shall enter.

**IT IS SO ORDERED.**

Dated:  May 27, 2015

s/George Caram Steeh_____
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-3-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 27, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk